# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| ANTHONY LYNN JOHNSON, )<br>Prisoner Identification # 23886 )<br> )<br>  Plaintiff, )<br> )<br>v. )<br> )<br>TODD HALL, *et al.*, )<br> )<br>  Defendants. ) | Case No. 7:22-cv-00941-RDP-SGC |

## REPORT AND RECOMMENDATION

The plaintiff, Anthony Lynn Johnson, is a pretrial detainee who filed this civil rights action under 42 U.S.C. § 1983. (Doc. 1).[1] Johnson also filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Doc. 2). Although Johnson's motion was granted on August 2, 2022, the court then vacated its order on October 17, 2022, because it learned Johnson had, on at least three prior occasions, brought a federal civil action that was dismissed for failure to state a claim upon which relief can be granted. (Docs. 3, 11). Consequently, this action is due to be dismissed under the three strikes provision of 28 U.S.C. § 1915(g).

---

[1] Citations to the record in this case refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: Doc. __ at __. Citations to the record in other cases are preceded by the relevant case citation.

When he filed this action, Johnson was detained at the Pickens County Jail. (Doc. 1 at 2). He was later moved to the Walker County Jail and then the Talladega County Jail. (Doc. 8, 12). Johnson alleges that when detained at the Pickens County Jail he was housed in a dorm infested with black mold, which caused him extreme headaches, a sore throat, a cough, breathing problems, and chronic fatigue. (Doc. 1 at 4-5). He seeks both compensatory and punitive damages. (Doc. 1 at 5).

The Prison Litigation Reform Act ("PLRA") places certain restrictions on prisoners' civil rights actions in federal court. For example, the PLRA amended the *in forma pauperis* statute to add a "three strikes" provision:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Eleventh Circuit has interpreted this provision to mean that a prisoner who has had three or more previous cases dismissed as meritless must pay the full filing fee at the time he files a new lawsuit. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this rule arises when "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

This is one of several prisoner-rights cases Johnson has filed in this district. *See Johnson v. Hall*, 7:22-cv-00864-AMM-SGC (N.D. Ala. July 13, 2022), ECF No. 1; *Johnson v. Hall*, 7:22-cv-00892-RDP-SGC (N.D. Ala. July 19, 2022), ECF No. 1; *Johnson v. Hall*, 7:22-cv-00930-ACA-SGC (N.D. Ala. July 25, 2022), ECF No. 1; *Johnson v. Hall*, 7:22-cv-00943-MHH-SGC (N.D. Ala. July 26, 2022), ECF No. 1; *Johnson v. Smith*, 6:22-cv-01227-CLM-SGC (N.D. Ala. Sept. 21, 2022) ECF No. 1; and *Johnson v. Smith*, 6:22-cv-01263-MHH-SGC (N.D. Ala. Sept. 29, 2022), ECF No. 1. In some of these cases, Johnson reported he previously filed a 2013 lawsuit against the Cook County Department of Corrections. *See, e.g.,* Case No. 22-cv-00930, ECF No. 1 at 9. A review of the records of the Northern District of Illinois reveals that case was *Johnson v. County of Cook, et al.*, 1:13-cv-06093 (N.D. Ill. Aug. 26, 2013), ECF No. 1. At the time, Johnson's prisoner identification number was 20120420150. *See id.* at 2. In case no. 13-6093, the court appointed counsel to represent Johnson, and the parties ultimately settled. *See id.*, ECF No. 38.

That case, like this one, was only one of seven prisoner-rights cases Johnson filed in the Northern District of Illinois in 2013. *See Johnson v. County of Cook, et al.,* 1:13-cv-06092 (N.D. Ill. Jan. 6, 2014), ECF No. 13, attached as Exhibit 1. Of the seven cases Johnson filed, three were dismissed at screening for failure to state a claim: *id.*; *Johnson v. County of Cook, et al.*, 13 C 6090 (N.D. Ill. Nov. 15, 2013), ECF No. 6 (attached as Exhibit 2); and *Johnson v. County of Cook, et al.*, 13 C 06908

3

(N.D. Ill. Nov. 22, 2013), ECF No. 8 (attached as Exhibit 3).[2] In the last of his cases to be dismissed, the district court notified Johnson that he had accumulated three strikes and, from that point forward, he was required to alert any federal court of that fact when filing a new lawsuit. *See* Exh. 1.

Because Johnson has at least three strikes under § 1915(g) and has not prepaid the filing and administrative fees, this action cannot proceed unless he is under imminent danger of serious physical injury. The court has reviewed the allegations in the complaint, and combined with the fact that Johnson is no longer housed at the Pickens County Jail, the facts do not demonstrate he is under imminent danger of serious physical injury.

For the reasons stated above, the magistrate judge **RECOMMENDS** Johnson's motion to proceed *in forma pauperis* be **DENIED**. Because he did not pay the filing and administrative fees of $402 when he filed his complaint, the magistrate judge further **RECOMMENDS** this action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO OBJECT

The plaintiff may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within **14**

---

[2] In all these cases, Johnson's prisoner number was also reported as 20120420150.

**days.** The plaintiff must identify every objectionable finding of fact or recommendation and state the specific basis for every objection. The plaintiff also must identify every claim in the complaint that the report and recommendation has not addressed. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

A plaintiff who fails to object to factual or legal conclusions in the Magistrate Judge's report and recommendation waives the right to challenge on appeal those same conclusions adopted in the District Judge's order. Without a proper objection, however, the court on appeal may review the unobjected-to factual and legal conclusions for plain error if necessary in the interests of justice. 11th Cir. R. 3-1.

After receiving the plaintiff's objections, a District Judge will conduct a *de novo* review of the relevant portions of the report and recommendation and may accept, reject, or modify in whole or in part the Magistrate Judge's findings of fact and recommendations. The District Judge also may refer this action back to the Magistrate Judge with instructions for further proceedings.

The plaintiff may not appeal the Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may appeal only from a final judgment entered by a District Judge.

**DONE** this 15th day of November, 2022.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE